**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 22 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| KAREEM JABBAR STANSBURY, Sr., | No. 10-16231 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-01043-DLB |
| v. |  |
| UNITED STATES GOVERNMENT; et al., | MEMORANDUM[*] |
| Defendants - Appellees. |  |

Appeal from the United States District Court
for the Eastern District of California
Dennis L. Beck, Magistrate Judge, Presiding[**]

Submitted July 12, 2011[***]

Before:    SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Federal prisoner Kareem Jabbar Stansbury, Sr., appeals pro se from the

district court's judgment dismissing his action under *Bivens v. Six Unknown*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    Stansbury consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging violations of his Fifth and Eighth Amendment rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim under 28 U.S.C. §§ 1915A or 1915(e)(2)(B)(ii). *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Stansbury's Eighth Amendment claim because Stansbury failed to allege facts sufficient to state a claim for unconstitutional conditions of confinement. *See Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005) (listing elements of conditions-of-confinement claim and explaining that the duration of the deprivation is relevant); *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) ("The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health . . . .").

The district court properly dismissed Stanbury's due process claim because it was duplicative of his Eighth Amendment claim. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (where a specific Amendment "provides an explicit textual source of constitutional protection" against a particular sort of governmental conduct, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims").

Stansbury's remaining contentions are unpersuasive.

We do not consider Stansbury's retaliation claim raised for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Stansbury's request for appointment of counsel, set forth in his opening brief, is denied.

**AFFIRMED.**